GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email:  angela.woolridge@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR21-1597-TUC-RM (LCK) |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO GOVERNMENT'S RULE 16.1 NOTICE |
| Efren Alexis Rojo-German, | |
| Defendant. | |

The United States of America, through undersigned counsel, and pursuant to the Court's Order, respectfully submits its Response to the Notice of Objections to Government's Notice of Confessions, Admissions, and Statements (Doc. 74) filed by the defendant, Efren Alexis Rojo-German (hereinafter "the defendant"), in the above-captioned matter.

As the defendant recognizes, Local Criminal Rule 16.1 for the United States District Court for the District of Arizona states that the government shall give written notice to the defendant "of any and all written or oral confessions, admissions, or statements of the Defendant which the government intends to use during the course of the trial."  LRCrim 16.1.  The government has filed such notice in compliance with Rule 16.1, giving the defendant notice that "all confessions, admissions, and statements by the defendant provided in government disclosure at the time of trial may be introduced into evidence by the government at the trial in this matter." (Doc. 52.)  The government has thus complied with its obligations under Rule 16.1.

The defendant complains that the government's notice fails to specify the specific statements the government intends to introduce at trial.  (Doc. 74, p. 2.)  However, such specificity is not required by Rule 16.1.  The government is not required prior to trial to provide the defendant a "road map" of its trial strategy nor to identify for the defendant each and every particular statement the government intends to introduce at trial.  The government has indicated that it intends to introduce all confessions, admissions, and statements by the defendant that have been disclosed in this case.  That is exactly what is required by Rule 16.1, and that is the intention of the government.

Furthermore, the statements by the defendant contained in the government's disclosure are readily identified, thoroughly documented in both written form and audio recordings, and are not excessive in size or otherwise complex such that the defendant cannot readily identify such statements and anticipate the government's introduction of such at trial.  The defendant has full disclosure of the contents of his statements and the means by which they were obtained, thereby allowing him to set forth any objections to the admissibility of his statements.  The defendant's contention that the government's notice interferes with his trial preparation and right to a fair trial is wholly unsupported and contrary to the facts.

Additionally, counsel for the government has personally discussed with counsel for the defendant the disclosure of the defendant's statements and has confirmed that counsel for the defendant was aware of and in possession of the disclosure pertaining to the defendant's confessions and admissions.

In any event, the relief requested by the defendant is for the government to specify in writing what confessions, admissions, and statements it will use at trial.  While the government has already complied with Local Rule 16.1, it herein informs the defendant that it will introduce all of his oral statements to law enforcement agents relevant to the charges against the defendant in the Indictment and that constitute confessions and admission to the charged offenses, as summarized and documented in the written reports contained in pages 9-12 and 18 of the government's disclosure.  These statements by the

- 2 -

defendant are also contained in the audio recordings disclosed by the government. The government also intends to introduce the defendant's oral and written statements to the employee of the firearms dealer during the commission of his offenses, as documented in pages 17 and 31-33 of the disclosure.

The government does not intend to introduce in its case-in-chief any statements by the defendant that are not relevant to the charged offenses in this case or that reference other crimes committed by the defendant. Specifically, the government does not intend to introduce statements by the defendant to law enforcement agents that were made prior to the defendant's commission of the offenses in this case and the defendant's statements regarding other criminal conduct, including human smuggling and bulk currency smuggling. However, the government may use any such statements by the defendant to impeach the defendant should he testify at trial.

For these reasons, the government respectfully requests that the defendant's Objections to Government's Notice of Confessions, Admissions, and Statements (Doc. 74) be denied.

Respectfully submitted this 26th day of September, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 26th day of September, 2022, to:

Mark Williams
Attorney for Defendant Efren Alexis Rojo-German