GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | CR21-1597-TUC-RM (LCK) |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT |
| vs. | |
| Efren Alexis Rojo-German, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby responds to the Objections to the Presentence Report filed by Defendant Efren Alexis Rojo-German in the above-referenced case. Sentencing is currently set for February 16, 2023.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

On May 19, 2021, the defendant, Efren Alexis Rojo-German (hereinafter "the defendant"), attempted to purchase a Smith & Wesson model M&P 380 Shield EZ .380 caliber pistol from a federally licensed firearms dealer in Tucson, Arizona. During the attempted purchase, the defendant falsely claimed he was the actual buyer of the firearm and had not ever been convicted of a felony offense. These false statements in connection with the defendant's attempted firearm purchase were intended to deceive the firearms dealer into believing that the firearm could lawfully be sold to the defendant. The defendant attempted to purchase this firearm on behalf of an individual who resided in

Nogales, Sonora, Mexico, and to provide this individual in Mexico with the firearm. The defendant had also been previously convicted of a felony offense.

The defendant had also been identified by law enforcement in connection with investigation into other criminal activity, including smuggling of 23,000 rounds of 7.62x39mm ammunition (for use in AK-47 style semiautomatic assault weapons) and human smuggling. On June 3, 2021, the defendant was arrested while unlawfully transporting an illegal alien. The defendant admitted his alien smuggling offense, and also admitted to his involvement in trafficking weapons into Mexico. The defendant stated he attempted to purchase the aforementioned firearm on May 19, 2021, for an individual in Mexico. According to the defendant, this individual supplied firearms to criminal organizations in Mexico. The defendant admitted he would be paid for unlawfully acquiring the firearm for the individual in Mexico.

The defendant also admitted to additional involvement in firearms trafficking to Mexico. He stated that on multiple occasions he had guided female co-conspirators in purchasing weapons for the criminal organization, and that his role was to personally investigate the firearm purchasing process to facilitate the acquisition and smuggling of firearms into Mexico. A search of the defendant's cellular telephone revealed that he had engaged in weapons trafficking activity on multiple occasions, and was also involved with trafficking fentanyl and methamphetamine.

The defendant was charged by Indictment on July 7, 2021, with one count of Smuggling Goods from the United States (Count One) and one count of Making False Statements in Connection with the Acquisition of Firearms (Count Two). On October 7, 2022, following trial, the defendant was found guilty by a jury of Count Two (and not guilty of Count One). Sentencing was set before this Court for January 11, 2023, but on January 9, 2023, the defendant filed late objections to the Presentence Report. (Doc. 98.) This Court continued sentencing to February 16, 2023, to allow the government and Probation Department sufficient time to respond to the defendant's objections.

## II.    APPLICABLE GUIDELINE CALCULATIONS

The government submits that the sentencing guideline calculations in this case are as follows:  the defendant's base offense level is 20 pursuant to U.S.S.G. §2K2.1(a)(4)(A). Two levels are added pursuant to §3B1.1(c) because the defendant was an organizer, leader, manager, and/or supervisory of the criminal activity. Two levels should also be added for obstruction of justice pursuant to §3C1.1, based on the defendant's false testimony during the jury trial in this case.  The total offense level is therefore 24. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 51 to 63 months imprisonment.  The government agrees with the Presentence Report that no grounds for departure or variance exist in this case.

## III.    DEFENDANT'S OBJECTIONS

The defendant objects to the two-level enhancement for his role in the offense (PSR ¶26) and the lack of an adjustment for acceptance of responsibility for his offense (PSR ¶30).  For the reasons discussed below, both objections should be overruled.

### a.  Role in Offense

A defendant receives a two-level increase to the offense level if he or she was an organizer, leader, manager, or supervisor in any criminal activity involving less than five participants and that was not extensive.  U.S.S.G. §3B1.1(c).  Among the factors a court should consider in assessing the applicability of the enhancement are the nature of participation in the commission of the offense, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others. U.S.S.G. §3B1.1(c), Application Note 4.  A defendant need not be the highest-level leader in a criminal organization to receive this enhancement; rather, more than one person can qualify as a leader or organizer of a criminal association or conspiracy.  *Id*.  Furthermore, a defendant need not be a leader or organizer to qualify for the two-level enhancement, as §3B1.1(c) also encompasses managerial and supervisory roles.  U.S.S.G. §3B1.1(c), Application Notes Background.

Here, the defendant was – at the very least – a manager or supervisor of the criminal activity. He conspired with an associate in Mexico to research the process of purchasing firearms in the United States for the purpose of unlawfully exporting the firearms into Mexico, where they would be provided to criminal organizations. He agreed to escort multiple females to firearms dealers in the United States and guide them through the process of selecting and purchasing the firearms. He planned to then transfer the firearms to another co-conspirator and obtain a false bill of sale to protect him from getting into trouble if the firearms were seized by law enforcement. And he carried out this plan on at least one occasion, his offense of conviction, by escorting a female co-conspirator to two different firearms dealers on May 19, 2021, and guiding her through the process of selecting and purchasing firearms in furtherance of the attempted unlawful export of the firearms.

In his objections filed with the Court, the defendant objected to this enhancement on the basis that the evidence supporting it (as cited in paragraphs 12 and 26 of the Presentence Report) had not been provided to the defense. Following the filing of the defendant's objections, both government counsel and the Probation Officer contacted defense counsel and identified the precise pages of disclosure and portions of the defendant's recorded statement (which was also disclosed well before trial) that contain the evidence supporting the role enhancement. Therefore, the defendant's argument that the enhancement is based on undisclosed notes of the case agent (Doc. 98, p. 2) is factually incorrect.

At the original sentencing hearing before this Court on January 11, 2023, the defendant appeared to change the basis of his objection. Defense counsel instead appeared to argue that the defendant did not actually escort any additional female co-conspirators to firearms dealers or guide them in purchasing firearms, but rather simply agreed to do so. It appears the defendant now opposes the role enhancement on the basis that he only acted in a managerial and supervisory capacity over the female co-conspirator who accompanied

him on May 19, 2021, the date of the offense of his conviction.[1] The defendant's argument fails for multiple reasons.

First, the defendant's role in his offense is not limited to the commission of completed substantive crimes. The defendant conspired with an associate in Mexico to research the process of purchasing firearms in the United States, escort multiple females to firearms dealers in the United States, and guide them through the process of purchasing firearms intended for unlawful export into Mexico. He conspired to transfer the firearms to another individual and obtain a false bill of sale. Whether the defendant actually completed these crimes with females in addition to his accomplice on May 19, 2021, is of no moment. His agreement to do so establishes that his role in the criminal offense was that of a manager and supervisor.

Second, it is not necessary that the defendant have acted in a managerial or supervisory capacity of additional co-conspirators; his role in escorting and guiding the female co-conspirator on May 19, 2021, is sufficient to support the two-level role enhancement. The guidelines specifically provide that §3B1.1(c) applies to leaders, organizers, managers, and supervisors of criminal activity that involved less than five participants and was not otherwise extensive. There is no requirement that a defendant supervise more than one other participant in the criminal activity; his role with regard to his offense of conviction and the female co-conspirator whom he supervised in commission of the offense is sufficient to warrant the enhancement.

### b. Acceptance of Responsibility

A defendant who clearly demonstrates acceptance of responsibility for his or her offense may receive a two-level decrease in the offense level. U.S.S.G. §3E1.1(a).

---

[1] In attempt to clarify the defendant's current position, the Probation Officer contacted defense counsel on January 11, 2023, following the original sentencing hearing, and asked whether the defendant would be filing revised objections based on the confirmation of the government's disclosure of the evidence supporting the role enhancement. As of the filing of this Response, defense counsel has not responded to the Probation Officer and the defendant has not filed revised objections.

Included in the considerations of whether a defendant qualifies for this reduction are: truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under the Relevant Conduct provision; voluntary termination or withdrawal from criminal conduct or associations, voluntary surrender to authorities promptly after commission of the offense, and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. §3E1.1, Application Note 1(A), (B), (D), and (H).

Furthermore, and particularly relevant here, the commentary to the guideline explicitly states: "This adjustment is **not** intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and **only then** admits guilt and expresses remorse." U.S.S.G. §3E1.1, Application Note 2 (emphasis added).

Here, the defendant failed to admit and falsely denied both his offense of conviction and relevant conduct. He did not voluntarily terminate or withdraw from criminal conduct or associations, or voluntarily surrender to authorities; to the contrary, he continued committing multiple crimes, only stopping after several apprehensions by law enforcement. And he most certainly did not accept responsibility in a timely manner. Instead, he only expressed remorse in a letter provided by his counsel two days prior to the original sentencing date. The guideline specifically prohibits the assessment of the acceptance of responsibility reduction for this conduct. The defendant did put the government to its burden of proof at trial, did deny - while testifying at trial - the essential factual elements of his offense, was convicted, and only several months after conviction and immediately prior to sentencing (in an apparent attempt to obtain this reduction to which he is not entitled) did vaguely claim remorse – a claim of questionable sincerity, at best. The defendant therefore does not qualify for this reduction, and the Court should decline to assess it.

/ / /

## IV.    OBSTRUCTION OF JUSTICE

The government submits that the two-level enhancement for Obstruction of Justice under U.S.S.G. §3C1.1. While not assessed in the Presentence Report because the Probation Department did not have access to the trial testimony, the defendant qualifies for this enhancement because he committed perjury by testifying falsely before this court. Committing perjury pertaining to conduct that forms the basis of the offense of conviction is an explicit example of conduct covered under the guideline. §3C1.1, Application Note 4(B).

As the Court is aware, the defendant testified in his own defense at trial. He denied the essential elements of his offense of conviction. He claimed he did not speak or understand the English language, and therefore did not knowingly make the false statements that he was the actual buyer of the firearm and had not ever been convicted of a felony offense. In fact, at one point during his testimony the defendant claimed he wasn't aware that he had been convicted of a felony offense.[2] The defendant made several inconsistent statements about the purpose for his presence at the firearms dealer on May 19, 2021. At one point he claimed to be assisting his female co-conspirator in purchasing a firearm for her ranch. At another point in his testimony, he claimed that he was not attempting to purchase a firearm but rather was simply trying to learn about the firearm purchasing process. The evidence in this case, including the defendant's own statements to law enforcement, directly contradicts virtually the entirety of his testimony at trial. The jury's verdict indicates that they also found the defendant's testimony to be false, as to find the defendant guilty of making false statements in connection with the attempted purchase of a firearm, they necessarily had to reject all of his statements denying the essential elements of his offense.

---

[2] When confronted on cross-examination with the record of his felony conviction the defendant was unable to respond, much as he was unable (or refused) to respond to much of the government's cross-examination concerning the inconsistencies in and evidence contradicting his testimony.

## V. CONCLUSION

For the reasons discussed, the government respectfully requests that this Court overrule the defendant's Objections to the Presentence Report, assess the two-level enhancement for the defendant's role in his offense, decline to assess the two-level reduction for acceptance of responsibility, and assess the two level enhancement of obstruction of justice, for a total offense level of 24 and an advisory sentencing guideline range of 51 to 63 months imprisonment.

Respectfully submitted this 13th day of January, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 13th day of January, 2023, to:

Mark Williams, Esq.
Attorney for Defendant Efren Alexis Rojo-German